or less, to establish the ultimate facts upon which the rights of the parties depend, *held* not error.

3. DAMAGES, § 110*—*when verdict for personal injuries not excessive.* A verdict of $5,950 for personal injuries *held* not excessive, it appearing that the plaintiff's hip was broken and the femur fractured and there was evidence tending to show that the injuries will be permanent and that she will never be able to walk without the aid of crutches.

4. APPEAL AND ERROR, § 1561*—*when refusal of requested instructions not error.* Refusal of requested instruction covered by other instructions *held* not error.

## Alexander Felman, Plaintiff in Error, v. Benjamin Schiff, trading as Schiff & Company, Defendant in Error.

### Gen. No. 19,047. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 23, 1914.

## Statement of the Case.

Action by Alexander Felman against Benjamin Schiff, doing business as Schiff & Company, to recover two hundred dollars which the plaintiff deposited in defendant's savings bank, and which defendant paid out by mistake to a man who had found or stolen defendant's passbook. Upon a trial by the court without a jury, the defendant had judgment. To reverse the judgment, plaintiff brings error.

It appears that the plaintiff opened a savings account with the defendant in October, 1910, and was given a passbook, upon the outside of which the following was printed in capital letters: "Take care of this book. If you should lose or mislay it notify us immediately." Upon the inside of the front cover, under the heading: "Rules Relating to Savings De-

posits," three rules were printed, one of which is as follows:

"PAYMENTS TO HOLDERS OF PASSBOOKS

This bank shall not be liable for payments made to any person who shall produce the deposit book of the depositor, unless written notice shall have, previous to such payment, been given to the bank for or in behalf of the depositor that said book has been lost, mislaid, stolen or otherwise passed from the possession of the true owner thereof. Any depositor who shall prove to the satisfaction of this bank that his passbook has been lost, stolen or destroyed, and shall furnish to the bank satisfactory indemnity against any claim which may at any time be made against the bank on account thereof, will receive, at or after thirty days from date of notice, the amount of this deposit or any part thereof, or a duplicate passbook. The bank may make payments to the depositor without the production of such book."

At the top of the first page of the book the following sentence was printed: "All deposits are made subject to rules relating to savings."

Samuel J. Richman, for plaintiff in error.

Moses, Rosenthal & Kennedy, for defendant in error; S. Sidney Stein, of counsel.

Mr. Presiding Justice Fitch delivered the opinion of court.

### Abstract of the Decision.

Banks and banking, § 200*—*when savings bank not liable for paying out deposits on forged signature of person presenting passbook.* In an action against a savings bank to recover money deposited by plaintiff which the bank paid out by mistake to a man who had found or stolen the pass book, a finding of the trial court that the plaintiff's signature was forged but that the bank was not negligent in paying out the money, *held* sustained by the evidence, it appearing that the impostor presenting the passbook resembled the plaintiff and that forged signature as compared with the signature of plaintiff was not so dissimilar as to excite suspicion, and there appearing to be no dispute as to the law applicable to the case.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.